UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Snodgrass,<br>and all other similarly situated<br>Residents,<br>**Plaintiff,**<br>vs.<br><br>Arizona Department of Human Services,<br>Arizona Sex Offender Program,<br>Doug Ducey, Aaron Bowen, Bugby,<br>Cara Crist, Shanda Payne, Sheridan Miller,<br>In their individual and official capacities,<br>**Defendants,** | COURT File #<br><br>CV20-00086-PHX-SRB--DMF<br><br>ORIGINAL<br>COMPLAINT FOR VIOLATION OF<br>CIVIL RIGHTS PURSUANT TO 42<br>U.S.C. 1983 JURY TRIAL<br>DEMANDED |

## I   INTRODUCTION

Plaintiff states that during involuntary civil confinement as Plaintiff[1] in the Arizona Sex Offender Program.[2] Defendants are employees of Department of Health and Human Services[3] have and continue to deprive Plaintiff' of rights and privileges available to other Plaintiffs civilly committed to the DHS. Plaintiff has also been deprived of the standards set by the Arizona Legislators. Plaintiff alleges that his Federal Civil Rights to Procedural & Substantive Due Process pursuant to the Fourteenth Amendment have been violated through the Fourteenth Amendment of the United States Constitution and Bill or Rights.

The Plaintiffs' cause of action includes the Reconstruction Civil Rights Act of 1871, 42 U.S.C. § 1983, based on violations of his federal constitutional rights. Plaintiff further alleges supplementary claims under the Arizona State Constitution, Plaintiffs' Bill of Rights, and Civil Commitment and Treatment Act, Administrative Rules and Internal Agency Policies.

---

[1]Pursuant to Arizona Statue "Resident" means a person who is admitted to the Arizona Sex Offender Program or subject to a court hold order under section for the purpose of assessment, diagnosis, care, treatment, supervision, or other service provided by the Arizona Sex Offender Program.
[2]Hereinafter referred as "ASOP-ACPTC"
[3]Hereinafter referred as "ADHS"

- 1 -

## II   JURISDICTION & VENUE

This is a civil action authorized by 42 U.S.C. § 1983 to address the deprivation, under Color of State Law, of rights secured by the Bill of Rights of the United States. The court has jurisdiction under 28 U.S.C. §§ 1331 & 1343(a) (3).

Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. §§ 2283 & 2284 of the United States Code. Plaintiff further seeks monetary, compensatory and punitive damages.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) as all Defendants reside and work in this district and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## III   DECLARATORY AND INJUNCTIVE RELIEF

This court has the authority to grant declaratory relief pursuant to 28 U.S.C. § 2201 as an actual controversy exists regarding the rights, privileges and immunities to which plaintiff is entitled. Moreover, pursuant to 28 U.S.C. § 2201, this court has authority to grant injunctive relief and any other necessary and proper relief that is deemed just and proper by the Court.

## IV   PLAINTIFFS

Plaintiff is a Resident and at all times mentioned herein is a civilly committed person in the Arizona Sex Offender Program, also known as the ASOP-ACPTC in the State of Arizona in the custody of the Department of Human Services. Plaintiffs are currently confined/hospitalized in the ASOP-ACPTC in ASH – ACPTC, Phoenix, Arizona, 85008.

## V  DEFENDANTS

Defendants are as follows:

The DHS is the agency responsible for overseeing the running of the State Hospital and protecting of Plaintiffs' rights. DHS is also responsible for policies and practices implemented through its various agencies.

N. Doug Ducey is the Governor of Arizona and together with Cara Crist oversees the policies, procedures, and practices at ASOP-ACPTC. As head of the State of Arizona Duceys' duties include the financing of ASOP-ACPTC and the protection and treatment of Plaintiff who is being involuntary held pursuant to indeterminate commitment as an SVP. Ducey has ordered Crist to confine Plaintiff at ASOP-ACPTC in the highest confinement possible even though plaintiff and similar situated Plaintiffs are and have been in the Less Restrictive Alternative program and all movement and activities are escorted by staff. Ducey cut funding in 2009 during the recession from the ASOP-ACPTC programing and has never returned the funding even though the Arizona Economy is strong; the monies received are inadequate and staff retention is poor. The Governor of the State of Arizona is located and performs his duties in Phoenix, Maricopa County, Arizona, and upon information and belief has taken actions relevant to this lawsuit in that location.

O. Cara Crist is the Director of the Arizona Department of Human Services (DHS) and together with other DHS officials and assistants oversees the policies, procedures, and practices at ASOP-ACPTC. As head of the DHS, Director Crist duties include adequate funding and the protection and treatment of Plaintiffs who are being involuntary held pursuant to indeterminate commitment as SVP. The Arizona Department of Human Services, a subdivision of the government of the State of Arizona is located at 150 North 18th Avenue, Suite 210, Phoenix, AZ 85007. DHS through its Subdivision, Arizona State operated Services, is the Agency responsible for the operations of Arizona Sex Offender Program. She performs her duties in Phoenix, Maricopa County, Arizona, and upon information and belief has taken actions relevant to this lawsuit in that location.

P. Aaron Bowen is the Chief Executive Officer of the Arizona State Hospital and ASOP-ACPTC is located on the Hospital grounds.

Q. Bugby? Is the Chief of Security of the Arizona State Hospital Grounds and A.S.O.P. Upon information and belief, he is responsible and has been directly involved in the violations of Plaintiffs' Constitutional and Statutory Rights'. He performs his duties at ACPTC, Phoenix, Maricopa County, Arizona, and upon information and belief has taken actions relevant to this lawsuit in that location.

R. Shanda Payne is the Director of the ASOP-ACPTC. Upon information and belief, she is responsible for and has been directly involved in the violations of Plaintiffs' Constitutional and Statutory Rights'. She performs her duties at ACPTC, Phoenix, Maricopa County, Arizona, and upon information and belief has taken actions relevant to this lawsuit in that location.

S. Sheridan Miller is the Clinical Director of the ASOP-ACPTC. Upon information and belief, she is responsible for and has been directly involved in the violations of Plaintiffs' Constitutional and Statutory Rights'. She performs her duties at ACPTC, Phoenix, Maricopa County, Arizona, and upon information and belief has taken actions relevant to this lawsuit in that location.

T. Kevin Galbreath is a current Program Manager of the ASOP-ACPTC. Upon information and belief, he is responsible and has been directly involved in the violations of Plaintiffs' Constitutional and Statutory Rights'. He performs his duties at ACPTC, Phoenix, Maricopa County, Arizona, and upon information and belief has taken actions relevant to this lawsuit in that location.

U. Shawn Anderson is a current Program Manager of the ASOP-ACPTC. Upon information and belief, he is responsible and has been directly involved in the violations of Plaintiffs' Constitutional and Statutory Rights'. He performs his duties at ACPTC, Phoenix, Maricopa County, Arizona, and upon information and belief has taken actions relevant to this lawsuit in that location.

V. Pascal Koulemou is a current Program manager of the ASOP-ACPTC. Upon information and belief, he is responsible and has been directly involved in the violations of Plaintiffs' Constitutional and Statutory Rights'. He performs his duties at ACPTC, Phoenix, Maricopa County, Arizona, and upon information and belief has taken actions relevant to this lawsuit in that location.

W. Ernest Sunjo is a current Program manager of the ASOP-ACPTC. Upon information and belief, he is responsible and has been directly involved in the violations of Plaintiffs' Constitutional and Statutory Rights'. He performs his duties at ACPTC, Phoenix, Maricopa County, Arizona, and upon information and belief has taken actions relevant to this lawsuit in that location.

X. Defendants John Doe and Jane Doe, whose true name are unknown, are employees of DHS.ASOP-ACPTC who have been responsible for violating Plaintiffs' rights in connection with incidents described in this complaint.

Y. Michelle Gutierrez is the Surveillance Supervisor for the surveillance team who monitor Plaintiffs when they are doing community activities even while being escorted by program staff. Upon information and belief, she is responsible and has been directly involved in the violations of Plaintiffs' Constitutional and Statutory Rights'. She performs her duties at ACPTC, Phoenix, Maricopa County, Arizona, and upon information and belief has taken actions relevant to this lawsuit in that location.

Z. All individual Defendants named above are being sued in both their personal and official capacities. At all times relevant hereto, all individual Defendants were acting under color of State Law.

Arizona Statute § 13 – 4601 through § 13 – 4613, promulgate the Arizona Sex Offender Program, and Arizona Rules § 36 – 3701 provide sex offender treatment to people committed as a Sexual Violent Person.

Since 1998 The Arizona Legislature amended the statue and The State of Arizona started and has committed people as Sexually Violent Offenders into their ASOP-ACPTC program. The Arizona and United States Supreme Courts held that the commitment statutes protected Procedural Due Process, and Equal Protection.

The Legislature and Governor Ducey have amended the statutes relating to the commitments of SVP almost on a yearly basis. Cara Crist, Aaron Bowen, Shanda Payne, and Sheridan Miller have drastically changed the policies relating to the treatment, rights, conditions, since they became the governing body of the State Hospital Complex and ACPTC in general. Conditions under Payne have worsened to a point that the Civil and Forensic units have modernized Patients access to the vast array of electronic communication. Payne has refused to allow this plaintiff access to any modern day technology and has made it very hard for this Plaintiff to learn and grasp the concept of the internet, smart phones, etc. and other related changes that have led to diminished Procedural Due Process Protections, and significant changes in how the ASOP-ACPTC operates and in keeping this Plaintiff in the stone age of technology.

In 1998, when the ASOP-ACPTC was first built and operated, it was under the Arizona Department of Corrections and Residents then committed at the time had to file a civil litigation which resulted in a judgment against ASOP-ACPTC. In 2010 the ASOP-ACPTC resorted back to a DOC run facility and has been that way to this very day.

## IN COUNT ONE PLAINTIFF ALLEGES

Plaintiff's constitutional and civil rights that has been violated falls under his 14th Amendment Right to the Due Process Clause of this amendment.    Due Process guarantees a civilian, committed to ASH, has a right to be protected from abuse by government officials and not be burdened with unsafe conditions while living in a state run facility.

- I have been civically committed and am a patient at the Arizona State Hospital for the past 10 years. During this time frame I have experienced abuse at the hands of other patients and staff alike. I suffer from mental health issues that are being taken advantage of by defendants in my claim.
- Defendant Clinical Director Miller, under the authority of Defendant Director Payne has done everything within the power of her position to discredit plaintiffs treatment achievements' and stall his ability to obtain a level 5, then waits till he has a bad day and makes a bad decision, and defendants Miller and Payne use what plaintiff did to justify their decision to hold any forward progress.
- In challenging the current direction of a two year treatment program as ascertained by State Law Defendants' Payne and Miller have taken upon themselves in their official and individual capacity to prolong the stay, better known as warehousing civilians, because the law states that under the SVP statute plaintiff can be committed for the rest of his life. However, the statute in its written language states that the treatment program must be adequate in allowing plaintiff to work his way to absolute discharge within a reasonable amount of time and that time has been set at two years, anything over two years is warehousing and Defendants' have utilized mindreading techniques' to deny advancement in the level system; deliberately holding documents (plaintiffs' offense cycle and RPP; two years now) that it must be written in such a way so it fulfills Defendant Millers high expectations and not what is really going on or has gone on in plaintiffs life.
- Defendants' Payne and Miller have abused their authoritive powers in their official and individual capacity (Dr. Miller has told me that under her watch no sex offenders should be released and would make it hard and block advancement in the level system which also violates written policy that has been posted our buildings), in following the written law of the land and have blocked any possibility of obtaining my discharge.   **NOTE:**   Professional Psychiatrists and Psychologists have testified that in a therapeutic treatment setting that after a patient is hospitalized after five years the patient will not retain any additional treatment. What a patient has learned in the first five years is what he will retain and continuing to make a patient retake the same material over and over does nothing but further institutionalizes and warehouses the patient.

## IN COUNT TWO PLAINTIFF ALLEGES

Plaintiff's constitutional and civil rights that has been violated falls under his 14th Amendment Right to the Due Process Clause of this amendment.   Due Process guarantees a civilian, committed to ASH, has a right to be protected from abuse by government officials and not be burdened with unsafe conditions while living in a state run facility.

- Plaintiff, who is actively participating in his treatment and has been placed by court order into the Less Restrictive Alternative (LRA) program, is confined to a maximum Detention like facility.
- The placement into the Court Ordered LRA program signifies that I have demonstrated that I am not a threat of escaping or physically abusive behaviors, even after I have completed ten years and have never been considered a risk.
- Defendants' CEO Aaron Bowen, and ACPTC Director Shanda Payne, has spent thousands of dollars adding surveillance cameras everywhere, seven strands of razor wire and plaintiff wears a GPS that tracks his every movement to make this facility more secure which was never needed prior to 2012.
- Defendants' CEO Aaron Bowen, Security DOC Chief Bugby, and ACPTC Director Shanda Payne, has written and implemented policy preventing plaintiff from going outside on his own without being escorted or constantly supervised by floor staff even with all of the enhanced security.
- On a daily basis Plaintiff endures more restriction and security measures than he did when he was incarcerated.
- Plaintiff is Civilly Committed under Civil Commitment Laws and is to be allotted his rights as civilian and continue to be treated and mistrusted as inmates.
- Plaintiff a Civilly Committed Patient is in the LRA program yet, he is being treated as if he is still serving time in a maximum correctional facility.
- Plaintiff experiences a constant hostile, anti-social, prison like atmosphere that is perpetrated and enhanced by the hiring of doc trained and experienced staff who enforces and advocates for this type of structure because we are still considered as inmates doing extended prison time and should never be released.

## IN COUNT THREE PLAINTIFF ALLEGES

Plaintiff's constitutional and civil rights that has been violated falls under his 14th Amendment Right to the Due Process Clause of this amendment.   Due Process guarantees a civilian, committed to ASH, has a right to be protected from abuse by government officials and not be burdened with unsafe conditions while living in a state run facility.

- Defendants Payne and Miller, having leadership roles are violating Plaintiffs due process rights by denying him the right to be represented at an IR (Incident Report) hearing that results in the handing down of punishment Defendants have permitted and ensured that plaintiff will never have representation or be allowed in one of the hearings.  Plaintiffs mental health disabilities are exploited and taken advantage of and do falsely accuse us of wrongs, write an information report citing a wrong [without notifying us that they are doing so – typical DOC behavior], turns report in, then the report is discussed in an IR meeting that consists of clinical and non-clinical staff [building/floor managers].  Once a floor manager returns to the floor he is in charge of, he notifies me that i now have sanctions [punishment] for something that I was never told about or had any chance in defending myself against the issue that had been reported.
- Defendants CEO Aaron Bowen and ACPTC Director Shanda Payne have instituted a restrictive mail, property and phone calling policies without notification in advance.
- In 2018, Defendants CEO Aaron Bowen, and ACPTC Director Shanda Payne have written and implemented new policies that further restricts Plaintiff(s) civilian rights to not be impeded in his ability to reintegrate within society by having the responsibility to contact outside sources, businesses, churches, support groups, etc..
- Defendants CEO Aaron Bowen and ACPTC Director Shanda Payne have written and implemented a restrictive phone policy that denies my ability to call businesses, public entities, lawyers, support peers, and court without first, getting prior approval from the floor manager to do so.
- Plaintiff, has been denied the ability to call community support persons, persons of contact [who are familiar, have met and talked with plaintiff], mentors, friends, and peers, without getting approval first by the floor manager. Recently, Plaintiff Baron-St. Laurent Sr. had met the manager of a Salvation Army Senior Center in person and had discussed his membership and agreement to follow rules as established by them.  Yet, a few days later when plaintiff wanted to call her and update her on his current status he was denied and told by his floor manager that he would only be allowed to call one time with managers' permission.
- Plaintiff can only order items from a prison catalog which is pricy and hinders him from having the ability to shop competitively for a better price.
- Plaintiff asserts that the current restrictive conditions are more restrictive then when he was incarcerated.
- Plaintiff(s) asserts that the above changes were made by ACPTC Director Shanda Payne under the approval of Defendant CEO Aaron Bowen.

– 8 –

## IN COUNT FOUR PLAINTIFF ALLEGES

Plaintiff's constitutional and civil rights that has been violated falls under his 14th Amendment Right to the Due Process Clause of this amendment.    Due Process guarantees a civilian, committed to ASH, has a right to be protected from abuse by government officials and not be burdened with unsafe conditions while living in a state run facility.

- Defendant Payne, Miller, and Johnson cannot take states evaluators' recommendations as fact because the recommendation is based on evaluators' opinion and does not support the burden of proof beyond a reasonable doubt. Plaintiffs' yearly evaluation is made up of cut and paste information that has been cut and pasted over the past several years.  When doubt is present an adverse decision cannot be rendered. Plaintiff challenges the evidence used by state evaluators under the Dalbert Ruling.
- Defendants Payne, Miller, and Johnson have ignored the Dalbert Ruling.  In Dalbert, the case determined that there must be proof beyond a reasonable doubt, and provide substantial factual proof to back their opinion that plaintiff is a risk to society and not a mere speculation on their part.
- Defendants Payne, Miller, and Johnson evidence/facts they use are merely speculative, guessing, mind reading and projecting what they think on how plaintiff will do in society.  Defendants must prove to the court beyond a reasonable doubt that they have solid proof plaintiff is a risk to society and must remain committed.
- Defendants Payne, Miller, and Johnson try to mind read, and project what they think; predict how plaintiff will do once he is living in the community and his risk of reoffending which, is low, has delayed his progress forward (sometimes over a year even when plaintiffs behavior is at its best) and ability to transition forward and into the community, waiting till he stumbles and then defendants use this as their justification in delaying his forward progress.
- Under Defendants' Payne and Millers strenuous restrictions, expectations and qualifications, it is nearly impossible for plaintiff to provided and meet defendants' demands.
- Plaintiff is a civilian, committed in a civil trial and should be afforded the same protection that defendants face in a criminal trial where, an allegation must be proven beyond a reasonable doubt and not speculative or hearsay which, is not admissible as evidence in court.

## PLAINTIFF SEEKS THE FOLLOWING RELEIF FROM EACH DEFENDANT

- ❖ Plaintiff seeks the sum of $ 250,000.00 in compensatory, nominal, punitive, and emotional damages that he was exposed to by the Defendants'' who had authority over him and have compounded upon his mental illness.
- ❖ Additionally plaintiff seeks his absolute discharge from the ACPTC program.
- ❖ Plaintiff seeks an order from the Court that would instruct Defendant Governor Ducey to release additional funds earmarked for the fixing and opening one of the empty buildings, for raises, and hiring of staff who have mental health experience and training.
- ❖ Plaintiff seeks an order from the Court that would instruct CEO Aaron Bowen and ACPTC Director Shana Payne to change the current policies pertaining to our living conditions, to have the severely restricted conditions changed, and to be treated as civilians, with civilian rights in all aspects of our treatment and living conditions while a patient at ASH, and to remove all similarities' including thoughts and behaviors of Administrative, Managers, and Line staff in reference to being treated as if he was still doing correctional time.
- ❖ Plaintiff seeks a further order from the Court that would instruct Defendant Governor Ducey and Defendant Dr. Crist to remove the unnecessary restrictive conditions that exist within the grounds of ASH because they have the power to do so because they are the defendants' who originally placed the severe restrictions on me.
- ❖ Plaintiff asks the court for an oversight committee to protect his right and to monitor the ACPTC and to have access to all residents and that all residents could speak freely without fear of reprisal / retaliation, and ask the court for an order to have ASH immediately stop using harassing tactics by staff of the ACPTC especially Defendant Payne.

## Certificate of Mailing

I certify that Tuesday, January 07, 2020, I have mailed the original and two copings of the enclosed pleading to:

    Clerk, The United States District Court
    SANDRA DAY O'CONNOR U.S. COURTHOUSE, SUITE 130
    401 West Jefferson Street, SPC-1
    Phoenix, Arizona   85003 - 2118

_____
    Carl Snodgrass – Plaintiff